IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-455-D

| | | |
|---|---|---|
| JOSEPH C. CATALANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| AARP ORGANIZATION, | ) | |
| | ) | |
| Defendant. | ) | |

On October 15, 2009, Joseph C. Catalano ("Catalano" or "plaintiff"), proceeding pro se, sued AARP Organization ("AARP" or "defendant"). Catalano contends that this court has jurisdiction based on diversity under 28 U.S.C. § 1332(a) and that AARP wrongfully obtained insurance premiums from him. Catalano seeks reimbursement of $7,553.60 in insurance premiums and punitive damages [D.E. 1]. On May 3, 2010, the court denied AARP's motion to dismiss [D.E. 5, 12], plaintiff's motion for declaratory judgment [D.E. 10], plaintiff's motion for a judicial settlement conference [D.E. 20], and plaintiff's motion for a hearing [D.E 23]. The court also ordered that "not later than May 12, 2010, plaintiff shall file a concise memorandum explaining why this court has subject matter jurisdiction under 28 U.S.C. § 1332(a)" [D.E. 26]. The court gave AARP until May 21, 2010, to file its response. Id. On May 12, 2010, plaintiff filed a memorandum [D.E. 27] in response to the court's order and AARP timely responded [D.E. 28]. On July 27, 2010, plaintiff filed a motion for reconsideration of the court's order of May 3, 2010 [D.E. 32]. As explained below, the amount-in-controversy requirement is not met; therefore, the court dismisses this action for lack of subject-matter jurisdiction. The court also denies plaintiff's motion for reconsideration.

I.

A federal court "must determine that it has subject-matter jurisdiction over [a claim] before it can pass on the merits of that [claim]." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). Moreover, a federal court has an independent obligation to assess its own subject-matter jurisdiction, and may "raise a lack of subject-matter jurisdiction on its own motion." Id. at 480 (quotation omitted). Under 28 U.S.C. § 1332(a), the court has jurisdiction only where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a); see, e.g., Carden v. Arkoma Assocs., 494 U.S. 185, 187 (1990). Catalano, as the party asserting that this court has subject-matter jurisdiction, must prove that subject-matter jurisdiction exists. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 104 (1998); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

Catalano contends that jurisdiction in this court is proper based on diversity under 28 U.S.C. § 1332(a). See Compl. 2. Catalano seeks compensatory damages in the amount of $7,553.60 as reimbursement for insurance premiums. See id. at 3; Pl.'s Mem. Resp. 1. Catalano also seeks $70,000 in punitive damages and contends that compensatory damages and punitive damages combined satisfy the amount in controversy requirement. See Pl.'s Mem. Resp. 1–2. Generally, the amount in controversy that a plaintiff alleges in the complaint, if made in good faith, satisfies the jurisdictional amount. See, e.g., Choice Hotels Int'l, Inc. v. Shiv Hospitality, L.L.C., 491 F.3d 171, 176 (4th Cir. 2007); Wiggins v. N. Am. Equitable Life Assurance Co., 644 F.2d 1014, 1016 (4th Cir. 1981). However, if it appears to a "legal certainty" that the plaintiff cannot recover the amount claimed, the case should be dismissed for lack of jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938); see, e.g., Nixon v. Loyal Order of Moose Lodge No. 750, 285

2

F.2d 250, 252 (4th Cir. 1960).

"In cases such as this, where punitive damages are relied upon to satisfy the amount in controversy requirement, the court must first determine whether punitive damages are recoverable under state law." LM Ins. Corp. v. Spaulding Enters. Inc., 533 F.3d 542, 551 (7th Cir. 2008); see, e.g., Wiggins, 644 F.2d at 1017–18 (determining that amount-in-controversy requirement was not met because plaintiff could not recover punitive damages under Maryland law). Under North Carolina law, "[p]unitive damages may be awarded only if the claimant proves that the defendant is liable for compensatory damages and that one of the following aggravating factors was present and was related to the injury for which compensatory damages were awarded: (1) Fraud. (2) Malice. (3) Willful or wanton conduct." N.C. Gen. Stat. § 1D-15.

Catalano has failed to allege any facts (or provide any other sufficient evidence) in support of his claim that he is entitled to "punitive damages for the reprehensible conduct, tactics[,] and machinations suffered by plaintiff from the defendant's agents[,] representatives[,] and employees in attempting to avoid appropriate discussions relative to the claim submitted." Compl. 2; see SouthStar Funding, L.L.C. v. Warren, Perry & Anthony, P.L.L.C., 445 F. Supp. 2d 583, 585–86 (E.D.N.C. 2006); Aff. in Supp. Compl. 1–4. Catalano must allege sufficient facts (or provide sufficient evidence) to support a claim for punitive damages, and the court is not bound by his "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); see SouthStar Funding, 445 F. Supp. 2d at 585–86; cf. Evans, 166 F.3d at 647.

As for Catalano's fraud claim, under North Carolina law, the elements of fraud are: "(1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party."

3

Myers & Chapman, Inc. v. Thomas G. Evans, Inc., 323 N.C. 559, 568–69, 374 S.E.2d 385, 391 (1988) (emphasis removed) (quotation omitted). A plaintiff must plead fraud with particularity. See Fed R. Civ. P. 9(b); Cozzarelli v. Inspire Pharms. Inc., 549 F.3d 618, 629 (4th Cir. 2008). Catalano has failed to allege that AARP made false representations, that any such representations were reasonably calculated to deceive, that AARP intended to deceive, or that he was injured by any such representations. See Aff. in Supp. Compl. 3. Catalano must do more than use the word "fraud" to satisfy the pleading requirements and vest this court with jurisdiction. See, e.g., SouthStar Funding, 445 F. Supp. 2d at 586. Likewise, AARP's alleged conduct during negotiations and discussions with Catalano do not rise to malice or willful and wanton conduct under N.C. Gen. Stat. § 1D-15. See, e.g., SouthStar Funding, 445 F. Supp. 2d at 585–86.

To the extent that Catalano seeks punitive damages in connection with a breach of contract claim or for negligent misrepresentation, North Carolina law does not permit punitive damages for such claims. See N.C. Gen. Stat. §1D-15; Middleton v. Russell Group, Ltd., 126 N.C. App. 1, 29–30, 483 S.E.2d 727, 743 (1997). Accordingly, the court dismisses this action for lack of subject-matter jurisdiction. Catalano, of course, may seek relief from AARP in state court.

II.

As explained above, the court DISMISSES this action for lack of subject-matter jurisdiction. The court DENIES plaintiff's motion for reconsideration [D.E. 32]. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This 4 day of August 2010.

JAMES C. DEVER III
United States District Judge